Okay, Mr. Montiel, you are appointed by the court. We appreciate your having taken the case. Thank you Mr. Perales. Yes Roger. Good morning. Good morning. I'm here on behalf of Aaron Private Clinic Management. We're seeking to vacate the order of dismissal based on alleged lack of standing and what I'd like to focus here today on is standing based on an injury in fact. Judge Duffy had ruled that incorrectly that standing requires that a plaintiff established an injury in fact which is concrete and unparticularized and actual or imminent a causal connection between the injury and the causal conduct. It would help me if I understand a couple of things. So there was a licensing moratorium right? Correct. And that licensing moratorium is no longer in effect is that right? So any request for injunctive relief about the licensing moratorium is moot isn't it? Under the old statute yes now there's just that 30-day open enrollment period it's a new act but there were damages associated with the moratorium in and of itself. Whether there were damages is a separate question but insofar as injunctive relief is involved that's moot right? Yes your honor. Okay so then the question then really is for everything else in the complaint the question is whether they're standing or not right? Correct. Okay. And again the Erin private clinic was formed hired a manager it consulted people to open an opioid addiction center and again initially there was the moratorium now there's this 30-day open enrollment period but the the particularized damages Judge Duffy seems to be focused on monetary where the issue is the statute that for whatever reason limits this center to a 30-day license period. All right well let's break this down so the licensing moratorium the statute that's no longer in effect what is alleged here that would allege that that moratorium when it was in effect caused an actual injury to your client? He could not obtain the license during the moratorium period could not pursue the business opportunity. Don't you have to plausibly that but for that licensing moratorium you would have your client would have done certain things that would have inevitably benefited him in a way that the licensing moratorium damaged him? I don't see where there's nearly enough in the complaint to allege anything like that about the old what's the burden if there's a moratorium and again Duffy was seen focused on damages how far does a plaintiff in the situation have to go to incur monetary loss doesn't need to enter the lease knowing that it's not gonna be able to get a license hire employees knowing it's never really going to be able to know that the problem is that you have to allege a lot more than would would be basically speculative I mean basically what you're what you're recounting there would make any claim for damages it seems to me wholly speculative but the damages themselves are not necessarily monetary under the you know the protections of the there are monetary damages but the damage in this case is the fact that they couldn't even apply for a license originally they couldn't even apply there were no applications so how can you pursue your business opportunity if you're not even provided the opportunity to get the license this would be analogous is assuming that the state decided to provide a cap on on licenses to Greek drivers licenses to Greek Orthodox people well then you come back and say I'm Greek Orthodox by the way and then it's even modified to the one month period right well miss Harper's you didn't even try to buy a car why do you eat why if you didn't even buy a car yeah why are you concerned about this yeah well you might be able to say and because of that I missed work you know three days week or I had to pay my friend to give me a ride or I had to you know I had to use uber it was more expensive there are things you could allege that could I'm not saying that your hypothetical claim for relief is necessarily a merit meritorious one but there's a lot more you could allege about even that hypothetical claim for relief that would be even less speculative about damages than what we have here in the Todd case they're kind of an analogous scenario was they cited another case in it and it had to do with this was on I'm sorry I don't have the but it talks about accommodations at a courthouse that the wheelchair ramps and bathrooms at the courthouse impeded their ability to attend the trials at the courthouse this is 256 f-3rd at 1080 and it says although both plaintiffs attended the trial at the courthouse the 11th Circuit founded that they adequately stated a claim under Title 2 of the ADA the court stated if the courthouse's wheelchair ramps are so steep that they impeded disabled person or if its bathrooms are unfit for the use of a disabled person then it cannot be said that the trial is readily accessible regardless of whether the disabled person manages in some fashion to attend the trial and again you know there's they didn't say they didn't have standing what were your damages you're complaining about this we're not talking about anything like that I mean if we're talking about a disabled person who is suing about a lack of accommodations under Title 2 of the Americans with Disabilities Act that's wholly different from someone who wants to operate some kind of business in this case a methadone clinic hell and and you're alleged you you have to first establish you have to allege enough to establish that you have article 3 standing that you have either suffered or will suffer an actual imminent injury that it is fairly traceable to the defendant and that the court can provide meaningful relief those are requirements of article 3 constitutional standing it seems that the claim for injunctive relief about the the old moratorium is moot and that the rest of it you just haven't alleged enough to establish article 3 standing I disagree in that the the statute itself discriminates against a group of people that the plaintiff is trying to help the injury has to be to your client it's not about them well the entry is if he wants to go apply for that license today he can't open enrollment it's from December 1st to December 31st and and he can only apply during one month a year whereas if it was any other facility what injury was caused to your clients operation it wasn't in operation and again it wasn't in operation I that's not true again he had formed a corporation he was seeking investors he hired a manager it's in the pleadings and again it gets into mitigation of damages is this court trying to say oh you didn't go far enough along or injury alleged in your brief then then you haven't a complaint in this case well we cited to the complaint the brief has some things that aren't in the complaint the amended complaint the amended complaint all right I thought we assigned it to the paragraphs in the amended we have to make the district court makes its decision on what's on the in the amended complaint and it had yeah whatever I mean if there's more added in the brief before us it doesn't matter we're reviewing the district courts evaluation of the amended complaint and you know how far does the court the state expect someone to go and there are other cases you know that simply being denied denied the opportunity to apply is a violation of the what's your best case would you say support your position can you saw it what's the best case you cite you think the most analogous to the situation here I believe it's MX energy there's a case called start Inc versus Baltimore it's Maryland case 295 F sup 569 that a startup for-profit corporate plaintiff having only plans and never identifying any prospective patients had standing to sue under the ADA and they were citing MX agree but 293 F 3rd at 336 what court is that out of Maryland 295 F sub 2nd 569 yeah those were plaintiffs that who had gone through the application for a permit were turned down your client hadn't even really found a location right it I don't know if it was the address listed for the clinic was the address of the law office of plaintiffs counsel that was the business address for the plaintiff correct but again as it suggested that actually found a suitable clinic location or but again it begs the question if you find the site which again it's not on the record but you know if you if you had the site which he did but you can't do anything because of licensing moratorium how do you how do you reconcile that if you go ahead and sign a lease and then this is tied up for two years and you're obligated for lease payments is then we're gonna have damages because he's now out of pocket how far does the plaintiff have to go to under the ADA you say some rebuttal time yes I did thank you Mr. Chalmers thank you may please the court Roger Chalmers with the Georgia Law Department for Commissioner Barry and Governor Nathan deal the district court did not err in finding that the management company that is the plaintiff in this we can ask what's in a name we have a management company we don't even have a clinic the district court did not err in finding that the management company failed to plead flat facts showing that it has standing to pursue its claims this is what the complaint alleged and there was I'd like to correct a few things that counsel indicated at the beginning of the argument one that the company had hired a manager there's no pleading to that effect the other that the company had consulted people to open this clinic there's no facts fled to that effect and your honors through your question asked there and suggested and I think correctly so as the district court found there has to be something in the complaint suggesting a but for causation something suggesting more than speculation something subject suggesting that there was harm to the operation of a business here and that is not so if you look to the complaint it says Aaron private clinic management company intends to meet the standards to establish a narcotic treatment program it'll it will offer standard of care treatment to prospective patients that's it that's literally all that is pleaded then when you get to the counts it says it's been harmed by these laws that are being challenged in this case and it says the harm is economic injury including damaged caused by interference and delays with things such as planning raising investment funds hiring and other normal processes alleged we hired somebody we had incurred costs for site selection all of which basically were wasted the efforts what the defendants had done that would probably get them across the line for constitutional standing wouldn't it I think you're right your honor that would get them certainly closer that would get them to that point where they could say they have an injury in fact they have one component whether it's cognizable as a claim you know as a matter of the statute and all that is a different matter but that's right from from the standpoint of alleging enough to state that they have suffered an actual injury that that that is that that is correct your honor and I think if you look into the problem of whether they're statutory then you run into the problem which council did not address as to whether or not there is an associational discrimination claim but again with respect to that 2016 law of course any claim for injunctive relief is moot and so they would have to show by plausible and non-conclusory allegations that there was harm to the plaintiff from the challenge law that 2016 law did place a temporary moratorium on new license applications but it allowed then pending applications to move forward and the complaint allegations that I just read did not show how this company has been harmed by that law there's no allegation for example that when the 2016 law was passed it had submitted an application already that was not processed there's no allegation that it was prepared to submit an application there's no allegation it was a business in operation or with patients when the 2016 law was passed which was was somehow affected by the law there's a Third Circuit 2007 case called New Directions Treatment Services versus City of Reading are you familiar with that case I'm familiar with the cases from the other circuit I mean the court held and I quote the proprietors of a proposed methadone treatment facility have standing to seek relief I don't recall the facts of New Directions specifically but I can I can judge Gilman with respect to that there are a number of cases that were cited in the briefs by the appellant addiction specialist MX group with which was mentioned innovative health and a helping hand from other circuits in every one of those cases we can see that constitutional standing clearly was established and so for example there were allegations indicating that many of the plaintiffs in those cases were already operating clinics others had formed or incorporated the clinic that would actually be providing the service here we again we just have a management company many of them had located sites for their treatment programs had worked with realtors or zoning officials had entered into leases had paid rent on leases and many of the cases that plaintiffs had submitted zoning applications and so it's not correct to say that it's simply futile to do anything at all to start up the business but you know you are required to get a license obviously in Georgia to open up one of these clinics if they're alleging that the burdens of that licensing law is discriminatory why is that not enough to give them standing I mean there's all things you know down the road but we're talking about just not having standing what's what's your best case to say that someone who wants to apply you know but and it's facing a licensing requirement they claim is onerous doesn't have standing what's your best case for that I think the the best case and and they are old cases they're the Worth v. Selden case and the Lujan case and Worth says that in order to get over the constitutional minimum required requirements of standing you've got to have specific concrete facts showing harm and then Lujan said with respect to some of the plaintiffs in that case that it's not enough simply to say well I intend to do something in the future in that case it was I intend to go to a place where endangered species may not exist if certain things don't happen that's that's what we have here we have a plaintiff saying I intend to open up a clinic in the future so Judge Gilman to your point if that clinic had been established if it had taken any steps to show that it was imminent that it actually was going to go forward well then maybe there would be standing but failing to show that simply saying I intend to without pleading facts showing that that's imminent that actually is going to happen sometime soon you haven't differentiated yourself from the class of citizens as a whole to which the statute applies you're just bringing just that it will happen pleading enough to show that it will happen but pleading enough to also show that whatever it is that's going to happen is actually going to injure the plaintiff that's correct that's correct so that's that last part of the the three-part standing test redressability is also speculative if you haven't set up the initial part showing that you've action that you're challenging with respect to the the 2017 law there also is no allegation now this is the law that's currently in effect there's no allegation that this plaintiff has submitted an application or did submit an application that was denied based on arbitrary or discriminatory requirements no allegation it will be prevented from participating in open enrollment no allegations that flesh out in any plausible way that if it did participate in open enrollment it's its application would be denied and as a district court says the labels arbitrary and discriminatory that are given in the complaint to this latest law do not help with the standing analysis the complaint does not identify any specific licensing requirement with which this plaintiff cannot reply comply it does not allege how or show why any requirement is discriminatory and it doesn't allege or show how any requirement prevents it from establishing a clinic in the future without these requirements we're left with a generalized grievance we're left with something that the courts have said over and over cannot be adjudicated because you have not met even the bare case into a federal court your honor so I know that associational discrimination under title 2 was not addressed in counsel's argument and likewise third party standing or associational standing we probably should address that should we I mean I don't if constitutional standing hasn't been satisfied here I agree on enough allegations in the complaint then it's not justiciable we subject matter jurisdiction to entertain the complaint and or the district court does and and we shouldn't really get into the into the associate associational standing claim right that is correct that would be evaluating the merits of the case in an instance where we don't have jurisdiction we could do it I guess as an alternative ground but because the first ground is really jurisdictional you would your argument would be we shouldn't do that right yes it would be your honor constitutional the minimum requirements of standing govern here if there are no if we did get into the merits you'd have a tougher case when you have I have a note that at least five circuits have held that methadone clinics can bring claims that are title to resulting from their association with disabled persons well and in every one of the cases your honor however there was no dispute that the constitutional minimum requirements of standing had I think the other the other difficulty with those cases though is there has not been one entered after the Lexmark decision in 2014 and I think that's key I think if you look at those cases they they don't do a full statutory analysis which let Lexmark now makes clear you must do Lexmark broke a standing inquiry into two pieces if you'll recall it talked about zone of interest and proximate cause and I think it really focused in on what is the statutory cause of action here we have a for-profit company seeking money damages under the Americans with Disabilities Act title to it's an associational discrimination kind of claim but the Congress did not expressly allow that kind of claim so I think that would be the difference between those cases that came before Lexmark and this one well the other problem isn't it with all those cases is that they rely extensively on legislative history as opposed to what the statute actually says it appears to me that at least title 2 and title 1 and 3 are very different in terms of whether they expressly provide for that's right of action and that's right it may well be that those circuits are wrong because they base basically everything in their analysis on legislative history that is correct your honor and you don't of course get to legislative history where the statute is clear here it's patently clear because you have title 2 which is sandwiched right been in between titles 1 and 3 which expressly allow associational discrimination claims and title 2 does not there's precedent clearly saying that when that is the case congressional intent is derived from those words of the statute title 1 3 they're clear about whether there's an associational claim and then you have that kind of language is entirely omitted from title 2 which would suggest that Congress consciously chose not to create that kind of claim for title 2 the suggestion is is very clear your honor I'd agree on that if there are no further questions I'll see at the time thank you we ask thank you your honor again it gets back to the issue of damages which seems to be the big hang-up and on page 17 of our brief where we actually cited the new circuit case a Carver Middle School gay-straight Alliance versus School Board of Lakes Lake County where the 11th Circuit ruled that nominal damages are appropriate in cases of statutory violations and in this case again there's not huge monetary damages because that's balanced with mitigation of damages how far do you have to go in hiring people do site plans when you're talking about minimal standing about you know you had to have a license and be rejected maybe but in this case you couldn't even get the license and part of what's being challenged in the injunction is the license criteria getting into the merits of it but also that it's only for one month of year that's also what the damages are seeking injunctive relief so that these licenses can be applied for year-round okay I think and but for the moratorium that's the cleanly clearly pleaded they would have applied for the license that was their intent that's why this appeal has been filed you know the expenses is the plaintiff wants to pursue this clinic and it can't and it filed this lawsuit say that it's not serious that hadn't taken enough steps it clearly has we wouldn't be here today if the plaintiff wasn't serious about operating a methadone treatment center so that's all I have to say on those issues and I think we cite one more thing in the case is you know plaintiff isn't required into this scenario to take futile actions and futile actions would be pursuing and incurring expenses when it can't obtain the license because the statute itself is discriminatory any other questions thank you thank you we'll go to the last case